UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14077-CIV-MAYNARD[1]

JOHN WILLIAM MUNSON,

    Plaintiff,

v.

USA, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff has not taken affirmative steps to continue prosecuting his claims nor timely complied with my series of Orders reminding him that failure to file an Amended Complaint could result in dismissal. DE 10 at 3; DE 13 at 2; DE 15 at 3. I thus recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

On March 10, 2025, Plaintiff commenced this action by filing his Complaint against Defendants, United States of America, the St. Lucie County Sheriff, and the Chief of Police for the City of Fort Pierce. DE 1. Though the handwritten Complaint was difficult to read, it appeared to charge Defendants with unlawfully arresting Plaintiff and conducting an unlawful search and seizure. The Complaint also referenced copyright issues. On April 28, 2025, I

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts.gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

1

ordered Plaintiff to either pay the filing fee or file a motion to proceed *in forma pauperis* ("IFP") by May 23, 20225. DE 3. There was no activity in the case until July 15, 2025, when Plaintiff filed an untimely motion to proceed IFP. DE 5. Like the Complaint, this motion was handwritten and mostly illegible.

On July 28, 2025, I entered an Order denying Plaintiff's motion to proceed IFP and dismissing the Complaint without prejudice. DE 10. I found that the grounds for the lawsuit were not clear, and Plaintiff had not properly pled what injury (or injuries) Plaintiff had experienced or what relief he sought. *Id.* at 2. I therefore concluded that Plaintiff had not stated a plausible claim for relief, *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and the Complaint should be dismissed under 28 U.S.C. § 1915, which governs IFP proceedings. *Id.*

In the Order denying Plaintiff's motion to proceed IFP, I granted Plaintiff "an opportunity to file an Amended Complaint with properly alleged and clear factual and legal bases upon which relief is requested." DE 10 at 2. I set a deadline of Monday, August 25, 2025, to file the Amended Complaint, and I warned Plaintiff "**that failure to timely file an Amended Complaint in compliance with this Order's directives w[ould] likely result in a recommended final dismissal of this case for failure to prosecute or failure to comply with court orders.**" *Id.* at 3 (emphasis in original) (citing Fed. R. Civ. P. 41(b)).

On August 8, 2025, Plaintiff filed an *Ex Parte* Motion for Summary Judgment or Other Relief that is Required. DE 12. On August 19, 2025, I denied this Motion without prejudice, noting that Plaintiff had not yet filed an Amended Complaint. DE 13 at 1. I reminded Plaintiff that the deadline to file an Amended Complaint was August 25, 2025, and I reiterated the warning that failure to file an Amended Complaint by that deadline could result in dismissal

for failure to prosecute or failure to comply with court orders. *Id.* at 2 (citing Fed. R. Civ. P. 41(b)). Plaintiff did not file an Amended Complaint by August 25, 2025.

On August 28, 2025, I entered an Order granting Plaintiff additional time to file an Amended Complaint. DE 15. I instructed Plaintiff that he could file an Amended Complaint by September 26, 2025. *Id.* at 3. I once again warned Plaintiff "**that failure to timely file an Amended Complaint in compliance with this Order's directives will result in a recommended final dismissal of this case without further notice for failure to prosecute or failure to comply with court orders.**" *Id.* (citing Fed. R. Civ. P. 41(b)). Plaintiff has not filed an Amended Complaint.

Under Federal Rule of Civil Procedure 41: "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not

an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Over six months have passed since Plaintiff filed his original Complaint.  A series of prior Court Orders have provided him with clear guidance and ample opportunity to file an Amended Complaint to continue prosecuting this case.  Plaintiff has been given fair warning three times that his failure to file an Amended Complaint and timely pursue this case could lead to this case be dismissed without further notice.  It appears that Plaintiff does not intend to pursue his claims.  However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course.  *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss).  This dismissal would not act as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S.

District Judge.  *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a).  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 1st day of October, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail:**
John William Munson, *pro se*
1000 N. Dixie Highway
Boca Raton, FL 33432