UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14077-CIV-CANNON/Maynard

**JOHN WILLIAM MUNSON,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA,** *et al.*,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 18] AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon the Report and Recommendation issued by Magistrate Judge Maynard on October 1, 2025 [ECF No. 18].  The Report, to which no objection has been filed, recommends dismissal of this action without prejudice for failure to comply with court orders and for his failure to prosecute this action [ECF No. 18 p. 4].  For the reasons that follow, the Report is **ACCEPTED**, and this action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and failure to prosecute.

**RELEVANT BACKGROUND**

In March 2025, Plaintiff commenced this action against the United States of America, the St. Lucie County Sheriff, and the Chief of Police for the City of Fort Pierce [ECF No. 1].  As best the Court can tell from the nearly illegible Complaint, Plaintiff appears to allege an unlawful search and seizure, as well as several copyright claims concerning a specific song written by Plaintiff [ECF No. 1].  In April 2025, Magistrate Judge Maynard ordered Plaintiff to either pay the filing fee or file a motion to proceed *in forma pauperis* ("IFP") by May 23, 2025 [ECF No. 3].  Plaintiff did neither, ultimately filing an untimely motion to proceed IFP [ECF No. 5].

CASE NO. 25-14077-CIV-CANNON/Maynard

On July 28, 2025, Magistrate Judge Maynard denied Plaintiff's untimely motion to proceed IFP, dismissed the Complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915 (which governs IFP proceedings), and granted Plaintiff an opportunity to file an Amended Complaint by August 25, 2025 [ECF No. 10].  Plaintiff still did not comply, choosing instead to file an *Ex Parte* Motion for Summary Judgment [ECF No. 12].  Magistrate Judge Maynard promptly denied that procedurally improper motion, reminding Plaintiff of the August 25, 2025, due date for an Amended Complaint [ECF No. 13].  Despite that court-issued reminder, Plaintiff still missed the August deadline, so Magistrate Judge Maynard extended Plaintiff's deadline for amendment one final time, to September 26, 2025 [ECF No. 15].  Magistrate Judge Maynard also warned in that order that "failure to timely file an Amended Complaint in compliance with this Order's directives will result in a recommended final dismissal of this case without further notice for failure to prosecute or failure to comply with court orders." [ECF No. 15 (citing Fed. R. Civ. P. 41(b))].  Plaintiff never filed an Amended Complaint.

On October 1, 2025, Judge Maynard issued the instant Report [ECF No. 18], recommending dismissal of Plaintiff's complaint without prejudice for failure to prosecute and comply with court orders.  *See also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may *sua sponte* dismiss a case for lack of prosecution).[1]  Objections to the Report were due on October 15, 2025 [ECF No. 18 pp. 4–5].  No party has filed objections, and the time to do so has expired [ECF No. 18 pp. 4–5].

---

[1] The Report recommends dismissal without prejudice because Plaintiff showed "no clear record of delay or contumacious conduct." *See Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

2

CASE NO. 25-14077-CIV-CANNON/Maynard

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784.

## CONCLUSION

The Court finds the well-reasoned Report to contain no clear error of fact or law. Thus, for the reasons set forth in the Report [ECF No. 18 pp. 1–5], it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 18] is **ACCEPTED**.
2. Pursuant to the Court's inherent authority to dismiss an action for want of prosecution, this case is **DISMISSED WITHOUT PREJUDICE**. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).
3. **The Clerk is directed to MAIL a copy of this Order to *pro se* Plaintiff at the address listed below and file a Notice of Compliance on the docket**.

CASE NO. 25-14077-CIV-CANNON/Maynard

**ORDERED** in Chambers at Fort Pierce, Florida this 22nd day of October 2025.

                                                                                                       **AILEEN M. CANNON**
                                                                                                       **UNITED STATES DISTRICT JUDGE**

cc:    **John William Munson**
        1000 N. Dixie Highway
        Boca Raton, Florida 33432
        PRO SE